UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-2479** |
| **ALTERNATIVE SOLAR, LLC, ET AL.** | **SECTION: "G"(3)** |

## ORDER

Pending before the Court is Defendant Omnidian, Inc.'s ("Omnidian") Motion to Dismiss.[1] In this litigation, Plaintiff Wayne Taylor ("Plaintiff") alleges that Defendants Alternative Solar, LLC d/b/a The Alternative Solar Home Solutions a/k/a Solar Home Solutions ("Alternative Solar"), Carlos Gudino ("Gudino"), Solar Mosaic, LLC d/b/a Mosaic ("Mosaic"), Wakefield & Associates ("Wakefield"), and Omnidian (collectively, "Defendants") are liable to Plaintiff for claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), for actions taken in the collection of a debt related to the installation of solar panels on Plaintiff's residence.[2]

In the instant motion, Omnidian asserts Plaintiff has failed to state a claim against Omnidian upon which relief can be granted because Plaintiff failed to allege: (1) that Omnidian is a "debt collector" under the FDCPA or (2) that Omnidian engaged in any conduct in violation of the FDCPA.[3] The instant motion was set for submission on July 23, 2025.[4] Pursuant to Local Rule

---

[1] Rec. Doc. 29.

[2] Rec. Doc. 1.

[3] Rec. Doc. 29.

[4] Rec. Doc. 29-2.

1

7.5, opposition to a motion must be filed eight days before the noticed submission date. To date, no party has filed an opposition and the motion for summary judgment is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it is not required to do so.[5] Considering the motion, the memorandum in support, the record, and the applicable law, for the reasons that follow, the Court grants the motion and dismisses Plaintiff's claims against Omnidian.

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[6] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "Factual allegations must be enough to raise a right to relief above the speculative level."[9] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[11] However, although required to accept all "well-pleaded

---

[5] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

[6] Fed. R. Civ. P. 12(b)(6).

[7] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[11] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

facts" as true, a court is not required to accept legal conclusions as true.[12] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[13] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[14] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[15] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[16] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[17] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[18]

Omnidian argues that Plaintiff's FDCPA claim fails as a matter of law because it is not a "debt collector" subject to the FDCPA.[19] Omnidian asserts the Complaint is devoid of any allegations that Omnidian attempted to collect a debt from Plaintiff.[20]

---

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *Id.* at 679.

[14] *Id.* at 678.

[15] *Id.*

[16] *Id.*

[17] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[18] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[19] Rec. Doc. 29-1 at 7.

[20] *Id.*

The FDCPA applies to "debt collectors" and defines the term as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . owed or due or asserted to be owed or due another."[21] The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."[22] Pursuant to the 15 U.S.C. § 1692a(6), the term debt collector only applies to a creditor "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

The Complaint is devoid of any factual allegations to show that Omnidian is a "debt collector." The Complaint alleges that Omnidian contacted Plaintiff "to discuss [his] solar power system's Permission to Operate (PTO)" and notified Plaintiff that it was working with Mosaic to evaluate the "experienced delays in the installation of [his] solar system."[23] The Complaint is devoid of any other factual allegations against Omnidian.[24] Accepting Plaintiff's allegations as true, Plaintiff has alleged that Omnidian was attempting to assist Plaintiff with the installation of the solar panels, not to collect a debt. Plaintiff has not alleged facts that support an FDCPA claim against Omnidian that is plausible on its face. Plaintiff has not responded to this motion or

---

[21] 15 U.S.C. § 1692a(6).

[22] 15 U.S.C. § 1692a(4).

[23] Rec. Doc. 1 at 7.

[24] Rec. Doc. 1. Plaintiff's conclusory statement that "[i]t is believed that Omnidian regularly collects or attempts to collect debts owed or due or asserted to be owed or due another" is insufficient to support that Omnidian is a "debt collector" under the FDCPA. *Id.* at 3. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

4

presented any argument to show that Omnidian could be considered a debt collector under the FDCPA. Accordingly,

**IT IS HEREBY ORDERED** that Omnidian's Motion to Dismiss[25] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this 30th day of July, 2025.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[25] Rec. Doc. 29.