**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WAYNE TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2479** |
| **ALTERNATIVE SOLAR, LLC, ET AL.** | **SECTION: "G"** |

**ORDER AND REASONS**

In this litigation, Plaintiff Wayne Taylor ("Plaintiff") brings claims against Defendant Solar Mosaic, LLC ("Mosaic") for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA") on false or misleading information; (2) violation of the FDCPA on failure to provide validation notice; and (3) violation of the FDCPA on prohibition on harassing and abusive conduct.[1] Pending before the Court is Mosaic's Motion to Compel Arbitration.[2] In the Motion, Mosaic argues that the Court should compel Plaintiff to arbitrate his claims against Mosaic and stay the case pending arbitration.[3] The motion was filed on March 31, 2026, and set for submission on April 15, 2026.[4] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date.[5] To date, no opposition has been filed and the

---

[1] Rec. Doc. 1 at 3. Plaintiff filed this litigation against Defendants Mosaic, Alternative Solar LLC, d/b/a The Alternative Solar Home Solutions a/k/a Solar Home Solutions ("Alternative Solar"), Carlos Gudino ("Gudino"), Wakefield & Associates ("Wakefield"), and Omnidian, Inc. ("Omnidian"). On February 3, 2025, Plaintiff voluntarily dismissed the claims against Alternative Solar and Gudino. Rec. Docs. 6, 8. On May 30, 2025, Plaintiff notified the Court that he had settled the claims against Wakefield. Rec. Doc. 19. On July 30, 2025, the Court granted an unopposed Rule 12(b)(6) motion to dismiss the claims pending against Omnidian. Rec. Doc. 32. Therefore, Mosaic is the only defendant remaining in this matter.

[2] Rec. Doc. 35.

[3] *Id.*

[4] Rec. Doc. 35-2.

[5] EDLA Local Rule 7.5.

1

Motion is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it not required to do so.[6]

In *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, the United States Court of Appeals for the Fifth Circuit explained that the Federal Arbitration Act ("FAA") was "in large part motivated by the goal of eliminating the courts' historic hostility to arbitration agreements."[7] The Fifth Circuit further explained that "Section 2 of the FAA puts arbitration agreements on the same footing as other contracts."[8] This means that, "as a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[9]

There is a "strong federal policy in favor of enforcing arbitration agreements."[10] Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .[11]

"[I]f the issues in a case are within the reach of that [arbitration] agreement, the district court has no discretion under section 3 to deny the stay."[12]

---

[6] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[7] 379 F.3d 159, 166 (5th Cir. 2004).

[8] *Id.*

[9] *Id.*

[10] *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prod. Co.*, 243 F.3d 906, 909 (5th Cir. 2001) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985)).

[11] 9 U.S.C. § 3.

[12] *Texaco Expl. & Prod. Co.*, 243 F.3d at 909 (quoting *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993)).

Mosaic has presented evidence to show that Plaintiff entered into a Home Improvement Loan Agreement and Promissory Note (the "Loan Agreement") with WebBank.[13] Mosaic has also presented evidence to show that Plaintiff electronically signed the Loan Agreement.[14] The Loan Agreement includes an arbitration provision that specifically applies to WebBank and "service providers as well as their parent companies, subsidiaries, and affiliates."[15] Mosaic was the platform service provider and loan servicer. The arbitration provision applies to "any claim, dispute or controversy between you and us (or any Related Party) that arises from or relates in any way to" the Loan Agreement.[16] Plaintiff's claims against Mosaic clearly arise from and relate to the Loan Agreement, as each claim relates to Mosaic's purported collection of the debt.

"Under the FAA, a written arbitration agreement is prima facie valid and must be enforced unless the opposing party . . . 'allege[s] and prove[s] that the arbitration clause itself was a product of fraud, coercion, or 'such grounds as exist at law or in equity for the revocation of the contract.'"[17] Because Plaintiff has failed to oppose the Motion, he has not met his burden to prove that there is any defense to the written arbitration agreement.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel Arbitration[18] is **GRANTED**.

---

[13] Rec. Doc. 35-3.

[14] *Id.* at 36.

[15] *Id.* at 21.

[16] *Id.*

[17] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 341 (5th Cir. 2004) (quoting *National Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 332 (5th Cir. 1987)).

[18] Rec. Doc. 35.

**IT IS FURTHER ORDERED** that the above-captioned case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration.

**NEW ORLEANS, LOUISIANA**, this __24th__ day of April, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**